UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARON JOHNSON                                          CIVIL ACTION

VERSUS                                                 NUMBER: 10-01734

JAMES M. LEBLANC, ET AL.                               SECTION: "N"(5)


**REPORT AND RECOMMENDATION**

The above-captioned matter came before the Court pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915.

A review of plaintiff's complaint reveals a confusing, unintelligible document containing rambling and vague allegations which appear to relate to the treatment he received prior to and since his release from incarceration on September 16, 2009. Named as defendants in plaintiff's complaint are a multitude of individuals, entities, and governmental agencies ranging from Secretary James M. LeBlanc of the Louisiana Department of Public Safety and Corrections in Baton Rouge to the L.S.U. Hospital in

Shreveport to the Marrero Post Office.[1]/

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ..." While a plaintiff is not required to set out in detail all the facts upon which he bases his claim, the Federal Rules do require a short and plain statement of the claim being asserted so as to give the defendants fair notice of the claim and the grounds upon which it rests. <u>Boudeloche v. Grow Chemical Coatings Corp.</u>, 728 F.2d 759, 761-62 (5th Cir. 1984); <u>In Re Santa Barbara Like It Is Today Copyright</u>, 94 F.R.D. 105 (D. Nev. 1982). A complaint which violates Rule 8 may be dismissed when it is ". . . so verbose, confused and redundant that its true substance, if any, is well disguised." <u>Corcoran v. Yorty</u>, 347 F.2d 222, 223 (9th Cir.), <u>cert</u>. <u>denied</u>, 382 U.S. 966, 86 S.Ct. 458

---

[1]/ One of the few factual matters that is discernable from plaintiff's complaint is that he previously filed two lawsuits in the United States District Court for the Western District of Louisiana, <u>Johnson v. LA. Dept. of Public Safety & Corr., et al.</u>, 09-V-143-TS-MLH and <u>Johnson v. LeBlanc, et al.</u>, 09-CV-1467-SMH-MLH. A review of the electronic case management website for the Western District reveals that the former suit was dismissed without prejudice for failure to prosecute on March 15, 2010 and has since been appealed by Johnson. The latter suit is still pending.

2

(1965); Lowery v. Hauk, 422 F.Supp. 490, 491-92 (C.D. Cal. 1976).

Reading plaintiff's complaint in the liberal manner afforded to pro se pleadings, it is obvious that it is so rambling, confusing, and vague that its true substance is impossible to ascertain. The defendants cannot reasonably be expected to respond to such an unintelligible pleading. It will therefore be recommended that plaintiff's suit be dismissed without prejudice unless he amends said complaint within twenty (20) days to set forth a comprehensible cause of action.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed without prejudice unless he amends said complaint within twenty (20) days to set forth a comprehensible cause of action.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en

3

banc).

New Orleans, Louisiana, this 17th day of June, 2010.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE